AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Northern District of New York

U.S. DISTRICT COURT - N.D. OF N.Y.

FILED

MAR 0 4 2022

AT_____ O'CLOCK_____
John M. Domurad, Clerk - Albany

| In the Matter of the Search of | ) |
|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) |
| (1) a silver Celero smartphone; (2) a gold Apple iPhone; and (3) a black Apple iPhone | ) ) ) |

Case No. 1:22-MJ-◌◌ (CFH)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ Northern _____ District of _____ New York _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841 | Distribution and possession with intent to distribute a controlled substance |
| 18 U.S.C. 924(c) | Possession of a firearm in furtherance of or during and in relation to a drug trafficking crime |

The application is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

TFO

_____
*Applicant's signature*

Louis A. Perfetti III, FBI Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ electronic submission and telephonic swearing _____ *(specify reliable electronic means)*.

Date: March 4, 2022

_____
*Judge's signature*

City and state: Albany, NY

Christian F. Hummel, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE SEARCH OF
(1) A SILVER CELERO SMARTPHONE,
(2) A GOLD APPLE IPHONE, AND
(3) A BLACK APPLE IPHONE,
CURRENTLY LOCATED AT 200
MCCARTY AVENUE, ALBANY, NY

Case No. 1:22-mj-92 (CFH)

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION UNDER RULE 41 FOR A
## WARRANT TO SEARCH AND SEIZE

I, Louis A. Perfetti III, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal

Rules of Criminal Procedure for a search warrant authorizing the examination of property

identified below and described in Attachment A, and the extraction from that property of

electronically stored information to review and seize evidence as described in Attachment B.

2.      I am a Detective with the Troy Police Department, and currently assigned to the

Albany Field Office of the Federal Bureau of Investigation as a Task Force Officer (TFO) with the

Capital District Safe Streets Gang Task Force. My formal training includes twenty-four (24) weeks

of basic training at the Zone 5 Regional Law Enforcement Training Academy, in Schenectady,

NY, which included training on conducting narcotics investigations.  I have also attended and

completed the following trainings: Basic and Advanced Street Encounters (DCJS, 2013), Interview

and Interrogation (DCJS, 2015), Criminal Debriefing (DCJS, 2019), and Open Source and Social

Media Investigations (DCJS, 2019), all of which were provided by the Department of Criminal

Justice; Vehicle and Residential Concealment provided by the New York/ New Jersey High Intensity Drug Trafficking Area program (HIDTA, 2014), which included training on the identification of trends used by drug traffickers to conceal, store, distribute, and transport drugs; and Cell Phone Use for Drug Trafficking Investigations (Northeast Counter Drug, 2019). I have been a member of the Troy Police Department since July 9, 2010, and have been a Detective assigned to the Detective Bureau since April 2018. I have participated in numerous state and federal investigations of criminal drug organizations as a member of the Troy Police Department, including as a member of the Troy Police Department's Neighborhood Conditions Team (NCT). While serving as a member of NCT, I deployed as a plain clothes Troy Police Officer engaged in anti-crime patrols. I gained valuable experience making numerous drug and firearm arrests, executing searches, conducting surveillance, and interviewing, interrogating, and debriefing numerous subjects about the trafficking, concealment, and distribution of drugs. As a uniformed Troy Police Officer, a plain clothes patrolman, and now as a Detective and Task Force Officer, I have conducted numerous investigations that have led to misdemeanor and felony arrests and convictions.

3.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

2

4.     Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, Unites States Code, Section 841(a)(1) (possession with intent to distribute a controlled substance) and Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of a drug trafficking crime) have been committed by Ramel GULLEY.  There is also probable cause to search the items described in Attachment A for evidence of this crimes, as described in Attachment B.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

5.     The property to be searched are the following three cell phones, all of which were seized pursuant to a warrant executed at 1066 Curry Road, Rotterdam, NY, on February 28, 2022, and are currently located in the FBI's evidence control room at 200 McCarty Avenue, Albany, New York: (1) a silver Celero 5G smartphone with cracked screen; (2) a gold Apple iPhone in an Otterbox Defender Pro Drop+ case; and a black Apple iPhone (collectively the "Devices").

6.     The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

7.     At approximately 10:00 am on February 28, 2022, a state search warrant was executed at 1066 Curry Road, Apartment 36D, Rotterdam, New York. Upon entry into the apartment GULLEY was observed coming out of the bathroom and into the main living room

3

where he was detained. A loaded handgun was observed on an air mattress in the living room area located next to an additional loaded magazine. Four other firearms were also located for a total five firearms. In the kitchen, investigators located a clear plastic bag containing a brownish powdery substance and a plate with a quantity of a brown powdery substance, a digital scale, and several boxes containing white glassine envelopes that based on the affiant's training and experience are used to package heroin for sale. Gulley was the only individual present at the apartment, which was unfurnished and had only the air mattress as a place to sleep. The brown powdery substance located in the apartment field-tested positive for heroin and weighed approximately 2,299 grams. Based on my training and experience, I know this quantity of heroin is indicative of drug trafficking and not for personal use. Also located during the search were the Devices. In a post- *Miranda* interview, Gulley admitted to selling drugs and to making thousands of dollars on a weekly basis, and to possessing the firearms, including for the purpose of protecting his money and his drugs. Gulley further admitted to having had the firearms since around December 2021.  The affiant notes that Gulley is a convicted felon and is prohibited from legally possessing firearms by virtue of prior convictions for (1) a 2017 conviction in Kings County Supreme Court for Criminal Possession of a Weapon: Possession of a Loaded Firearm at a Place Other Than a Person's Home or Business and (2) a 2017 conviction in Schenectady Count Court for Attempted Criminal Possession of a Weapon: Possession of a Loaded Firearm at a Place Other Than a Person's Home or Business. Moreover, in my training and experience, drug traffickers regularly possess firearms to protect their drugs and drug proceeds.

4

8.      In my training and experience, drug traffickers frequently utilize cellphone-based methods of communications, including text messages, to obtain and distribute controlled substances. I know that drug traffickers often maintain and use multiple cell phones and change cell phones and cell phone numbers often in an effort to thwart law enforcement investigations into their drug trafficking activities. I further know from my training and experience that a cache of information concerning drug trafficking activities and revealing the identity of the user of the device can be found on these devices. This information includes dialed, received, or missed calls and messages sent, received, or placed in draft status, which can be found on these devices, including in third-party applications (or "apps") with messaging and audio and video calling features, such as Facebook Messenger, WhatsApp, Snapchat. I know that the identities, telephone numbers, and usernames of other participants involved in drug trafficking activity are often maintained in contact lists on these devices, including in third-party social media and other applications. In my experience, drug traffickers also use these devices to take and store photographs or video recordings of themselves, including with their co-conspirators and with contraband including drugs, currency, and firearms. Drug traffickers also use GPS applications (such as Google Maps or Apple Maps), which can reveal their whereabouts when they conducted or arranged narcotics related activities or travel, as well as establishing identity of the user of the device based on the locations frequented. In addition, drug traffickers can also use these devices to store information related to the financial transactions related to trafficking activities, such as

5

drug ledgers and financial accounts and transactions, including payments made through mobile applications.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

9.    Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

10.    *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of their use, who used them, and when.  There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

   a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file.

   b.  Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

6

c.  A person with appropriate familiarity with how an electronic device works and the data generated by such devices may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

11.  *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of Subject Telephone #1 consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Devices to human inspection in order to determine whether it constitutes evidence described by the warrant.

7

12.    *Manner of execution.*  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

13.    I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

**Attested to by the affiant.**                     Respectfully submitted,

                                                    *TFO*
                                                    _____
                                                    Louis A. Perfetti III
                                                    Task Force Officer
                                                    Federal Bureau of Investigation

**I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on March 4, 2020, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.**

_____
Hon. Christian F. Hummel
UNITED STATES MAGISTRATE

8

# **ATTACHMENT A**

1.      The property to be searched are the following three cell phones, which were seized pursuant to a warrant executed at 1066 Curry Road, Rotterdam, NY, on February 28, 2022, and are currently located in the FBI's evidence control room at 200 McCarty Avenue, Albany, New York: (1) a silver Celero 5G smartphone with cracked screen; (2) a gold Apple iPhone in an Otterbox Defender Pro Drop+ case; and a black Apple iPhone (collectively the "Devices").

2.      This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.      All records on the Devices described in Attachment A that relate to violations of

Title 21, Unites States Code, Section 841(a)(1) (possession with intent to distribute a controlled

substance) ; Title 18, United States Code, Section 922(g) (possession of a firearm by a prohibited

person); and Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance

of a drug trafficking crime) and involve Ramel GULLEY since December 1, 2022:

      a.   the distribution and possession with intent to distribute controlled substances;

      b.   lists of customers and related identifying information;

      c.   types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

      d.   any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

      e.   the possession and use of firearms and ammunition;

      f.   any information recording Ramel GULLEY's schedule or travel since December 1, 2022;

      g.   all bank records, checks, credit card bills, account information, and other financial records.

2.      Evidence of user attribution showing who used or owned the Device at the time

the things described in this warrant were created, edited, or deleted, such as logs, phonebooks,

saved usernames and passwords, documents, and browsing history;

1

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

2